UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRANDI CRAWFORD,

    Plaintiff,

v.                                            Case No. 1:14-CV-425

MIDWEST TRAINING SERVICES, LLC     HON. GORDON J. QUIST
d/b/a MIDWEST BUILDERS and MIDWEST
ENVIRONMENTAL SERVICES, MICHAEL
FEHLER, and AAA LEAD INSPECTIONS,

    Defendants.
_____/

## OPINION

Plaintiff, Brandi Crawford, filed suit in this Court, alleging claims for negligence, gross negligence, fraud, breach of contract, slander of title, and conversion. Plaintiff alleges that the Court has subject matter jurisdiction because the case "arises under 15 U.S.C. [§§] 2682, 2686 and 2689 ("Lead Exposure Reduction"), [and] 40 C.F.R. [§] 745.227." (Dkt. #1 at Page ID#1.) The Court issued an order for the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed a response, arguing that the Court has subject matter jurisdiction because (1) she has an implied right of action under the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2601 *et seq.;* and (2) the case raises issues of federal preemption.

Federal question jurisdiction exists for "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case may arise under federal law if the complaint contains a "cause of action created by federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 2366 (2005). The claims in Plaintiff's

complaint—negligence, breach of contract, fraud, slander of title and conversion—are state law claims.  The only reference to federal law is contained within the negligence counts, where Plaintiff alleges that Defendants failed to perform lead abatement in accordance with the TSCA and regulations promulgated pursuant to that statute.

The provisions of the TSCA that Plaintiff cites give the Environmental Protection Agency authority to issue regulations, *see* 15 U.S.C. §§ 2682, 2686, and provide that violations of the law are prohibited, *see* 15 U.S.C. § 2689.  Because those sections do not expressly provide a private right of action, the Court must determine whether there is an implied private right of action under the statute.  Although there is a four-factor test to make that determination, the second factor —whether the drafters of the statute intended to create a private right to sue — is dispositive.  *Traverse Bay Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 628 (6th Cir. 2010).  Because that factor is not satisfied, the Court need not examine the other factors.

As noted, the sections of the statute cited provide that violations of the statute are prohibited and that the EPA may issue regulations.  Those sections do not even hint at an intent to create a private right of action.  Moreover, the statute does explicitly provide for a private right of action for other types of violations that are not at issue in this case.  For instance, the statute provides that a seller or lessor of housing may be held liable for failure to disclose the presence of known lead-based paint hazards.  42 U.S.C. § 4852d. *See also Kaye v. Acme Invs., Inc.*, No. 08-12570, 2008 WL 5188712, at *3 (E.D. Mich. Dec. 8, 2008).  The fact that Congress explicitly stated that a plaintiff could sue based on certain types of violations—but made no such provision for other violations—confirms that it did not intend to create a private right of action for every violation of the statute.  Furthermore, regulations under TSCA are insufficient to create a private right of action.

*See Johnson v. City of Detroit*, 446 F.3d 614, 625 (6th Cir. 2006) (concluding that federal regulations cannot independently confer a private right of action).[1]

Finally, Plaintiff's argument that there is federal question jurisdiction based on preemption is unavailing. As Plaintiff correctly notes, federal courts have jurisdiction over cases involving federal preemption, even when the federal law with purported preemptive effect does not provide a private right of action. *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012). Plaintiff fails, however, to explain how this case raises issues of federal preemption. Plaintiff's complaint asserts several violations of state common law, and never mentions preemption. Rather, the complaint simply alleges that Defendants violated TSCA and its regulations, and that such actions constituted negligence. The Court fails to see how such a claim involves federal preemption.

Plaintiff has failed to demonstrate that this case arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Because the Court lacks subject matter over Plaintiff's claims, the case will be dismissed.

An order consistent with this Opinion will enter.


Dated: June 4, 2015                              /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff's state law negligence claims are based on violation of a federal regulation, those claims do not "necessarily raise a stated federal issue, actually disputed and substantial." *Grable*, 545 U.S. at 314, 125 S. Ct. at 2368. Accordingly, they do not give rise to federal question jurisdiction.